IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-CV-00123-F

| | |
|---|---|
| JENNIFER TAYLOR MARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ABERCROMBIE & FITCH STORES, INC. | ) |
| D/B/A/ HOLLISTER and J.M. | ) |
| HOLLISTER, LLC D/B/A HOLLISTER, | ) |
| | |
| Defendants. | |

This matter is before the court on the Motion for Partial Summary Judgment [DE-29] filed by Defendants Abercrombie & Fitch Stores, Inc. and J.M. Hollister, LLC (collectively, "Defendants"). Defendants contend that Plaintiff Jennifer Taylor Marr ("Marr") failed to produce a report for her treating physician, Dr. Richard Alioto, in violation of Rule 26(a)(2)(B) and failed to sufficiently disclose him as an expert witness under Rule 26(a)(2)(C). Defendants argue that because of these perceived deficiencies, this court should not allow Marr to rely on Dr. Alioto's expert testimony in this matter, and allow Defendants' motion for summary judgment on her claims for medical treatment she incurred after August 24, 2012, and for certain damages. Alternatively, Defendants argue that Marr's evidence contradicts her pleadings and is unduly speculative. For the reasons more fully set forth below, the Motion [DE-29] is DENIED.

I. BACKGROUND

On August 17, 2012, Marr was paying for children's clothing at Defendants' Hollister store at the Cary Town Center Mall in Cary, North Carolina, when the store manager knocked a perfume bottle off of a counter. The bottle fell on a hard tile floor and shattered, causing a shard of broken glass to fly into Marr's ankle. Marr received treatment for the laceration soon after the

incident, but subsequently sought additional treatment from Dr. Alioto of the Duke University Medical Center's Division of Orthopedics. Following an MRI scan to Marr's ankle, Dr. Alioto diagnosed a "posterior tibial tendon laceration" on October 11, 2012. Subsequently, Dr. Alioto performed surgery to repair the damage in her right ankle area.

On January 23, 2014, Marr filed a negligence action against Defendants in Johnston County Superior Court, seeking compensation for her medical bills, lost wages, and other damages. Defendants' subsequently filed a Notice of Removal in this court on March 5, 2014. Thereafter, on June 12, 2014, Marr served Defendants with her Initial Pretrial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. In those disclosures, Marr identified her treating physician, Dr. Alioto, as a witness in this case and also provided Defendants with a complete set of her medical records, including all of Dr. Alioto's medical records and reports. Those records included Dr. Alioto's record of October 3, 2012, in which he states: "I think her laceration caused an injury to the posterior tibial tendon retinaculum." Resp. to Mot. for Summ. J., Ex. 6 [DE-30-7] at 50. Marr contends that prior to the initiation of this lawsuit, she also provided Defendants with Dr. Alioto's operative report, which stated that "the retinacular layer had an area of repair from apparently where the objects violated the retinacular layer, as well as the underlying tendon." Mem. in support of Mot. for Summ. J., Ex. B, Alioto Treatment Records [DE-29-3] at 3. Additionally, the Pretrial Disclosures also included a letter from Dr. Alioto, in which he stated Marr "had a posterior tibial tendon repair following a laceration to the tendon which occurred on August 17, 2012 . . . . I do believe this injury resulting [sic] in a permanent injury to her though rather small." Resp. to Mot. for Summ. J., Ex. 6 [DE-30-7] at 31.

The April 28, 2014 Scheduling Order in this case provides, "[r]eports from retained experts are due from Plaintiff on or by October 30, 2014." Scheduling Order [DE-13] at 1. After the entry of the Scheduling Order, the parties engaged in formal discovery, and on July 7, 2014, Marr served her responses to Defendants' First Set of Interrogatories and Requests for Production of Documents. In response to Defendants' Interrogatory No. 4, Marr stated:

> Plaintiff will identify the expert witnesses who might be called to testify on her behalf pursuant to the Discovery Plan filed in this action. However, it is anticipated that plaintiff will call some of her medical providers, including Dr. Richard J. Alioto, as expert witnesses in this case. It is anticipated that these providers, including Dr. Alioto, will testify regarding their histories taken, their examinations and testing, their treatment of plaintiff's conditions, their prognosis, medical causation, pain and suffering, mental anguish, permanent injury, and future medical treatments and the costs associated therewith. Plaintiff anticipates that these medical providers, including Dr. Alioto, will base their opinions on the histories they have taken, their examinations and treatments, their review of medical records, and their knowledge, experience, and expertise that they have acquired in their fields of medicine. All of the reports from the medical doctors have been produced to defense counsel as part of plaintiff's Initial Pre-Discovery Disclosures.

Mem. in Support of Mot. for Summ. J., Ex. C [DE-29-4] at 3. Following this disclosure, Defendants did not request a more specific statement, did not file a motion to compel, or otherwise seek clarification of Dr. Alioto's anticipated testimony until his deposition on February 4, 2015.

During his deposition, Dr. Alioto testified that he was not retained or specially employed to provide expert testimony in this case, and that he was providing expert opinions based solely on his role as one of Marr's treating healthcare providers. He also testified that he started forming his opinions regarding causation at the time he first evaluated Marr—prior to her retaining legal counsel. Resp. in Opp. to Mot. for Summ. J.. Ex. 4 [DE-30-5] at 7-8, 38-40.

3
Case 5:14-cv-00123-F Document 31 Filed 06/19/15 Page 3 of 14

Defendants now move under Rules 26 and 56 of the Federal Rules of Civil Procedure for an order dismissing Marr's claims for medical treatment after August 24, 2012, and for damages related to her torn posterior tibial tendon.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identities of expert witnesses in advance of trial. Rule 26(a)(2)(B) further provides that, unless a court orders otherwise, when "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," such disclosures "must be accompanied by a written report" setting forth the relevant details of the witness's testimony. The report must specifically include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Witnesses who are not required to disclose an expert report under Rule 26(a)(2)(B) must nevertheless be disclosed under the rule, and must provide: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii), a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Rule 37(c) provides a means of enforcing these disclosure requirements, and states in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. 37(c)(1).

Under Rule 56, summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Such facts must be presented in the form of exhibits and sworn affidavits. *Celotex Corp.*, 477 U.S. at 324. Failure by a plaintiff to rebut a defendant's motion with such evidence on his behalf will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

**B.     Marr was not required to serve a Rule 26(a)(2)(B) report for Dr. Alioto**

It is undisputed that Dr. Alioto was not retained or specially employed to provide expert testimony. Nevertheless, Defendants argue that Marr should have served a Rule 26(a)(2)(B) report for Dr. Alioto, relying on a decision from the District of Nebraska and another decision from the District of Massachusetts. *See* Mem. in Support of Mot. for Summ. J. [DE-29] at 6 (citing *Widhelm v. Wal-Mart Stores*, 162 F.R.D. 591 (D. Neb. 1995) and *Thomas v. CONRAIL*,

169 F.R.D. 1 (D. Mass. 1999)). These courts reached the conclusion that when a treating physician will offer testimony regarding causation, prognosis and disability ratings, the physician "has formulated opinions going beyond what is necessary to provide appropriate care . . . and steps into the shoes of a retained expert for purpose of Rule 26(a)(2)," and therefore is obligated to submit a Rule 26(a)(2)(B). *Thomas*, 169 F.R.D. at 2. Many courts, including those in the Fourth Circuit, however, have distinguished or declined to follow *Widhelm* and *Thomas*. Instead, these courts have concluded that if the treating physician's testimony is based on his or her treatment of a party, then no Rule 26(a)(2)(B) report is required. *See Goodman v. Staples the Office Superstore*, 644 F. 3d 817, 826 (9th Cir. 2011) ("[A] treating physician is . . . exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."); *Fielden v. CSX Transp., Inc.*, 482 F. 3d 886, 871 (6th Cir. 2007) (explaining that an expert report is not required "when a treating physician testified within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment"); *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) ("To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient—as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury—then no Rule 26(a)(2)(B) statement should be required."); *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995) ("If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B)."). An unpublished Fourth Circuit Court of Appeals decision is in accord with these latter cases. *See Drennen v. United States*, 375 F.

App'x 299, 306 (4th Cir. 2010) ("As a treating physician, Dr. Wolfe was not retained or specially employed to provide expert testimony in this case. The note accompanying the 1993 amendments to Rule 26 confirms that this is the proper interpretation of Rule 26.").

This court agrees a treating physician is not required to submit a Rule 26(a)(2)(B) report where he or she is expected to testify to opinions formed during the course of treatment. Here, the record shows that Dr. Alioto was Marr's treating physician; he was not retained or specially employed to provide testimony in the case; and that his opinions on causation, prognosis, and disability were based on, and formed during, his treatment of Marr. *See* Resp. in Oppt. to Mot. for Summ. J., Ex. 4 [DE-30-4] at 7-8, 38-39. Under these circumstances, Marr was not required to produce a Rule 26(a)(2)(B) report for Dr. Alioto.

## C. Marr failed to make adequate disclosures under Rule 26(a)(2)(C) with regard to Dr. Alioto

Although Marr was not required to submit a Rule 26(a)(2)(B) report for Dr. Alioto, she still was required to comply with Rule 26(a)(2)(C). Under that rule, a party must make certain disclosures as to non-retained experts—namely the "subject matter" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). In this case, there is no question that Marr's discovery responses satisfy the first requirement under Rule 26(a)(2)(C), identifying the subject matter about which the expert will testify. Her response to Defendants' Interrogatory No. 4 explicitly identifies Dr. Alioto as a possible expert witness, and states that she anticipates that Dr. Alioto "will testify regarding the[] histories taken, [his] examinations and testing, [his] treatment of plaintiff's conditions, the[] prognosis, medical causation, pain and suffering, mental anguish, permanent injury, and future medical treatments and the costs associated therewith." Mem. in Support of Mot. for Summ. J., Ex. C [DE-29-4] at

3. The issue is whether Marr's responses and disclosures satisfied the second requirement: that she provide "a summary of the facts and opinions to which the witness is expected to testify."

In assessing whether Marr's disclosures satisfied the "summary" requirement, the court is cognizant that the Rule 26(a)(2)(C) disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)" and that the Advisory Committee warned that courts "must take care of requiring undue detail." Nevertheless, as other district courts have recognized, "to guard against the prejudice of unfair surprise on opposing parties, and for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than a passing reference to the care a treating physician provided." *Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-CV-01020-RLY, 2015 WL 1396606, at *3 (S.D. Ind. Mar. 26, 2015) (citing *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014)). The disclosures "must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions." *Id.*. This court finds the description offered by the District Court for the Southern District of Ohio to be an apt summary of what is required by Rule 26(a)(2)(C):

> [T]his Court finds that a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts-only those on which the expert actually relied in forming his or her opinions-that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies.

*Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015)

Here, Marr's disclosures cannot be said to provide a "summary of the facts and opinions" to which Dr. Alioto is expected to testify. While her response to Interrogatory No. 4 informs Defendants of the subject matter about which Dr. Alioto will testify, it cannot be said to summarize actual opinions of Dr. Alioto. Indeed, there is no indication of what opinions Dr. Alioto would offer. Numerous courts have found similar disclosures to be insufficient under Rule 26(a)(2)(C). *See, e.g., Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-CV-01020-RLY, 2015 WL 1396606, at *3 (S.D. Ind. Mar. 26, 2015) (finding that plaintiff's disclosures failed to provide a summary of facts and opinions of treating physician where the disclosure stated "*Dr. Eric Knoll*—Environmental effect of house on Bobbie Slabaugh and Kirsten Slabaugh ENT for Bobbie Slabaugh and Kirsten Slabaugh who will testify as to the various physical issues that both have suffered in the years after the water discharge from the LG Washer including chronic rhinitis, draining and sinus pain for Mrs. Slabaugh as well as allergy issues for Kirsten Slabaugh (including removal of tonsils)"). *Dedmon v. Cont'l Airlines, Inc.*, No. 13-CV-0005-WJM-NYW, 2015 WL 1040521, at *5 (D. Colo. Mar. 6, 2015) (finding that plaintiff's disclosure that treating physicians would "provide expert opinions at the time of trial pertaining to causation, damages, prognosis, impairment, permanency, past and future physical and mental limitations, the effect of the condition on past and future economic loss, disabilities and consequential inability to work and/or work restrictions, the cost and reasonableness of past and future medical or rehabilitative treatment and/or medication and/or adaptive equipment, and/or residential or work modifications, any and all issues raised by the Defendant, and any other issues related to injuries arising out of the incident" to be deficient); *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (finding that a plaintiff's disclosure that his treating physicians "will present factual and opinion testimony on causation, diagnosis, prognosis, [and] extent of

[plaintiff's] disability" based on their review of plaintiff's medical records to not contain "a summary of facts and opinions . . . within the meaning and requirements of Rule 26(a)(2)(C)"). Nor does the court find Dr. Alioto's undated letter—disclosed with Marr's various medical records—to constitute a "summary of the facts and opinions" of Dr. Alioto's anticipated testimony. Although the letter certainly states Dr. Alioto's opinion with regard to Marr's prognosis, it does not discuss at all his opinion on causation. *Cf. Kristensen ex rel. Kristensen v. Spotnitz*, No. 3:09-CV-00084, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011) (stating in dicta that a treating physician's letter stating that she treated the plaintiffs, "that the family members had various upper respiratory infections, that there was mold in the house, that it has been shown that mold can cause irritation to the respiratory system, and that she 'believe[s] that the family's recent problems . . . are related to [mold] contamination of their house'" to be an adequate Rule 26(a)(2)(C) disclosure). Moreover, Marr's production of, and reference to, her medical records from Dr. Alioto does not constitute a summary of his opinions. *See id.* at *2 ("But whatever the precise meaning of the requirement, a 'summary' is ordinarily understood to be an 'abstract, abridgement, or compendium . . . .' It follows that Plaintiffs cannot comply with the rule by disclosing the complete records of the treating physicians in issue.").

Consequently, the court finds that Marr failed to comply with Rule 26(a)(2)(C) with regard to Dr. Alioto.

### D.  The court will not exclude Dr. Alioto's testimony

Where, as here, a party fails to make disclosures required by Rule 26(a)(2)(C), the party is subject to Rule 37(c), which provides that a party is precluded from using that information or witness to supply evidence, unless the failure to was "substantially justified or harmless." In

determining whether a non-disclosure of a witness is substantially justified or harmless, this court may consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four factors relate to harmlessness, while the last factor relates mainly to substantial justification. *Id.* The court need not consider every *Southern States* factor, and the court is afforded "'particularly wide latitude to [its] discretion to issue sanctions under Rule 37(c)(1).'" *Wilkins v. Montgomery*, 751 F.3d 214, 220-21 (4th Cir. 2014) (quoting *Saudi v. Northrup Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005)). The burden of showing that nondisclosure was substantially justified or harmless lies with the non-disclosing party—in this case, Marr. *Id.*[1]

Here, Defendants have knowledge of Dr. Alioto's opinions—and the bases for those opinions—by virtue of his deposition. The traditional notion of surprise, accordingly, is not applicable here. Nevertheless, Defendants indicate that it would have been helpful to know, prior to their own expert disclosure deadline, Dr. Alioto's opinion that Marr may have had a torn tibial tendon prior to the August 17, 2012 incident. The court agrees that it would undoubtedly have been helpful. The court also observes, however, that Defendants knew about Dr. Alioto's opinion beginning after his deposition on February 4, 2015, when over a month was left in the discovery period. This appears to have been sufficient time for Defendants to provide a supplemental report from their own expert to rebut, if appropriate, Dr. Alioto's opinion. The

---

[1] As Marr correctly observes, Defendants have not explicitly moved for relief under Rule 37(c)(1). The court nevertheless finds that there is no way to interpret the motion for partial judgment other than *implicitly* seeking relief under Rule 37.

court also observes that Dr. Alioto's testimony is extremely important evidence in support of Marr's claims. In a similar case where the plaintiff had provided conclusory information as to what the plaintiff's treating physician would be testifying to, the Northern District of Georgia observed:

> [W]hile defendants cannot claim surprise, they can justifiably complain about the adequacy of the above disclosure. As noted earlier, plaintiff's disclosure came nowhere near to complying with the Rule 26(a)(2)(C)(ii) requirement that he provide "a summary of the facts and opinions to which the witness is expected to testify." Here, plaintiff gave only the most conclusory hint of the anticipated testimony of these doctors.
> The problem for defendants, though, is that they had the ability to complain, and thereby cure this surprise, prior to the expiration of expert discovery, by advising plaintiff that his disclosures did not comply with the rule and by requesting more specific disclosures. Had plaintiff resisted, defendants could have sought the intervention of the Court. Defendants did not do so, but instead laid in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony. Indeed, the fourth factor of the test looks to the importance of the evidence sought to be excluded. Here, if plaintiff's experts are excluded, his case will not make it past summary judgment. Thus, clearly the evidence is quite important.
> . . .
> Yet, just as defendants took a gamble—by failing to depose plaintiff's only witnesses on causation in the hopes that plaintiff's arguable compliance with Subsection B and/or C would result in exclusion of these witnesses—plaintiff also took a risk in presenting a Subsection C disclosure that did not fully comply with Subsection C. In a similar situation, the Eleventh Circuit has noted:
>
>> "We do not commend either party on its efforts to resolve this dispute. [The proponent of the expert] would do well to make sure that, in the future, its Rule 26 disclosures comport with both the spirt and the letter of the rule. Nonetheless, [the opposing party] allowed this impasse to continue well beyond the point of good faith efforts to resolve the issue without court intervention, *never moving for an order requiring any more detailed response under Rule 26.*"
>
> *Griffith v. Gen. Motors Corp.,* 303 F.3d 1276, 1283 (11th Cir.2002).
> Ultimately, the inquiry focuses on the question whether the plaintiff's non-compliant disclosure created a harm that cannot be cured.

*Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *8 (N.D. Ga. Mar. 21, 2013).

In this case, the court cannot say that Marr's deficient Rule 26(a)(2)(C) disclosures created a harm that cannot be cured. Indeed, there appears to be no suggestion from Defendants as a need for a cure—they have not moved for any relief, other than implicitly moving for sanctions under Rule 37(c)(1). Under these circumstances, the court finds that Marr's deficient Rule 26(a)(2)(C) disclosures are harmless. Accordingly, Dr. Alioto's deposition testimony will not be excluded while considering Defendants' motion for summary judgment.

## E.     Summary judgment is not appropriate on Marr's claims

The main basis for Defendants' motion for partial summary judgment is that without Dr. Alioto's opinion, Marr has no expert testimony necessary to establish causation and damages related to her claims for damages related to her torn tendon and for medical treatment after August 14, 2012. As discussed above, however, the court does not find that Dr. Alioto's opinion should be excluded, and accordingly summary judgment is inappropriate on this basis.

Alternatively, Defendants argue that Marr has failed to proffer evidence in support of her allegation that she "suffered laceration to her right lower ankle and a tear to her right Posterior Tibia Tendon that necessitated a right Posterior Tibia Tendon repair surgery and a Tarsal Tunnel Release." Compl. [DE-4-1] ¶ 9. Defendants focus on Dr. Alioto's deposition testimony stating that Marr probably had a longitudinal tear in her tendon at the time of the incident, but it was not symptomatic. *See* Resp. in Oppt. to Mot. for Summ. J., Ex. 4 [DE-30-4] at 31. Dr. Alioto also testified, however, that the cologne bottle incident caused the tear to her retaniculum, which "just started that ball rolling." *Id.* at 30. According to Dr. Alioto, the tear to Marr's retaniculum caused her to develop friction between her tendon and retaniculum, which in turn caused the cyst

to develop and for Marr to develop symptoms. *Id.* at 30-31. In Dr. Alioto's opinion, the need for the surgery was caused by her injury from the cologne bottle. *Id.* at 32. This testimony from Dr. Alioto supports Marr's allegation that she "suffered a laceration to her right lower ankle . . . that necessitated a right Posterior Tibia Tendon repair surgery," and Defendants are not entitled to partial summary judgment on this basis.

Nor does the court find that Marr's proffered evidence is based on undue speculation. Although Dr. Alioto conceded that there are potentially multiple causes of Marr's symptoms, he also testified that he had the opinion, to a reasonable degree of medical certainty, that the cologne bottle incident aggravated the tear in Marr's tibial tendon. *Id.* at 41-42. This is not "undue speculation," and Defendants' Motion for Partial Summary Judgment [DE-28] is DENIED.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [DE-28] is DENIED. Within seven (7) days of the filing date of this order, Marr is ORDERED to serve Defendants with an amended Rule 26(a)(2)(C) disclosure as to Dr. Alioto.

SO ORDERED. This the 19th day of June, 2015.

James C. Fox
Senior United States District Judge